IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RUBY McLEMORE**                                                                                                   **PLAINTIFF**

**VERSUS**                                                                           **CIVIL ACTION NO. 1:05cv218-RHW**

**FRED'S STORE OF TENNESSEE, INC.**
**d/b/a FRED'S DISCOUNT STORE**                                                                        **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>
<u>**AND ORDER GRANTING SUMMARY JUDGMENT**</u>

This case is before the Court on [26] motion for summary judgment filed April 24, 2006, by the Defendant, Fred's Store of Tennessee, Inc. (Fred's). The Plaintiff has responded to the motion and Fred's has filed its rebuttal. After due consideration of the submissions and the relevant law, the Court is of the opinion that there is no question of material fact for the jury and summary judgment should be granted.

<u>**DISCUSSION**</u>

Ruby McLemore filed this premises liability action against Fred's in the County Court of the First Judicial District of Harrison County, Mississippi on March 8, 2005, alleging that on October 21, 2003, while she was shopping at Fred's, she was injured when she stepped in liquid on the floor. Mrs. McLemore claims Fred's breached its duties to use reasonable care in inspecting and maintaining its premises in a reasonably safe condition, and to warn her of a dangerous condition, and is therefore liable for her injuries.

On May 10, 2005, Fred's removed the case to this Court, based upon diversity of citizenship of the parties. Fred's also filed its answer on May 10, denying any negligence, and asserting it neither created, nor had any notice of, or opportunity to cure, the condition which

1

Plaintiff alleges caused her injuries.  The Court has jurisdiction of the subject matter and the parties, and all parties have consented to the exercise of jurisdiction by the U.S. Magistrate Judge pursuant to 28 U.S.C. § 656(c) and Fed. R. Civ. P. 73.

## Factual Background

These facts are uncontradicted.  While shopping in the Fred's store in Orange Grove, Mississippi on the morning of October 21, 2003, Ruby McLemore slipped in a substance on the floor.   When she was able to stand up straight, Mrs. McLemore noticed a blue liquid on the floor with a "Windex bottle laying in the floor right next to it."  Mrs. McLemore said there were black skid marks where her shopping basket had skidded, and that she saw footprints.  She also saw two or three bottles of Windex overturned on an adjacent shelf, less than a foot and a half away from the spill.   There was no wet floor sign near the spill.

Mrs. McLemore reported the incident to the cashier (Rebecca Morton), who, in turn reported it to Fred's management personnel.  Fred's manager Laurie Denton was working at the store on October 21, 2003.   Upon receiving the report of the incident, Denton spoke with Mrs. McLemore and inspected the area where the accident happened.  Denton saw a bottle of Windex and a bright blue spill on the floor, with shopping cart tracks through it, but no footprints.  Denton prepared a "Claim Reporting Form" regarding the incident, and secured a written statement from Rebecca Morton.  Both parties offered as exhibits on the summary judgment motion, Denton's Claims Reporting Form and Rebecca Morton's accompanying handwritten statement, which states:

> Mrs. Ruby entered stock room shortly (about 3-5 minutes) after I did informing me that she "almost fell and busted her rump."  I saw a small puddle of Windex on the floor at the end of the aisle with the Windex bottle sitting upright beside it.  She then informed me that her leg hurt.  She stated "I must have pulled a muscle, I'm probably gonna have to go to the doctor to get it checked out."  I apologized

>   to her while mopping up the spill.  She then asked for the manager's names and
>   my name.  I wrote them down and took her name and number.  She later saw me
>   again at checkout and said again that she would have to go to the doctor.
>   The spill was not there when I entered the stockroom.  I noticed the black streaks
>   from the buggy wheels but no footprints or skid marks.  She pointed out the wheel
>   marks.  They were straight marks, no skids.  I also noticed no footprints leading
>   from the spill.  I informed the asst. mgr. of the situation and gave him her name
>   and number.  By that time she approached him, too.

Laurie Denton's affidavit establishes that Fred's employees are trained in safety procedures; that the floors are swept before opening and again after closing, and buffed or waxed on an as-needed basis after business hours; and that all employees are trained to be observant of floor conditions and to immediately remove or clean up any substance upon which a patron might trip or slip.

## **Applicable Law**

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact ant that the moving party is entitled to judgment as a matter of law." *Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986).  If  summary judgment evidence establishes  that an essential element of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct. At 2252." *Topalian v. Ehrman*,954 F.2d 1125, 1138 (5th Cir. 1992).   The Court views summary judgment evidence submitted by the parties in the light most favorable to the non-movant.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

To prevail on its motion, Fred's must demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law.  *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  Fred's may accomplish this by informing the Court of the

basis of its motion, and identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.   Fred's contends Mrs. McLemore has no evidence to show how the Windex came to be on the floor, or that Fred's had either actual or constructive notice of the condition prior to her accident.  Once a properly supported motion for summary judgment is presented, the non-moving party must rebut with "significant probative" evidence. *Ferguson v. National Broad. Company, Inc.*, 584 F.2d 111, 114 (5th Cir. 1978.

To establish her negligence claim against Fred's, Mrs. McLemore has the burden of proving Fred's owed her a duty, which it breached, and that the breach proximately caused her injury.  It is uncontested that Mrs. McLemore was an invitee[1] on the Fred's premises, and under Mississippi law, Fred's therefore owed her the "duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view." *Leffler v. Sharp*, 891 So. 2d 152, 157 (Miss. 2004) (quoting *Massey v. Tingle*, 867 So. 2d 235, 239 (Miss. 2004)).  Fred's contends Mrs. McLemore has no evidence to prove the second element, breach of duty.

An invitee injured in a slip-and-fall on business premises must prove one of the following to establish breach of duty on the part of the premises owner/operator:  (1) a negligent act of the defendant caused her injury; (2) the defendant had actual knowledge of the dangerous condition, but failed to warn the plaintiff; or (3) the defendant should have known about the dangerous condition, in that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant. *Byrne v. Wal-Mart Stores, Inc.*, 877 So. 2d 462, 465 (Miss. Ct. App. 2004) (citing *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995)).

---

[1]An invitee is one present on the premises "in answer to the express or implied invitation of the owner or occupant for their mutual advantage." *Hudson v. Courtesy Motors, Inc.*, 794 So. 2d 999, 1003 (Miss. 2001).

## **CONCLUSION**

There is no dispute that Ruby McLemore was a business invitee in the Fred's store, to whom Fred's owed the duty to keep its premises reasonably safe, or to warn her of the existence of hidden dangers or perils not in plain or open view. There is likewise no dispute that there was a spill of Windex on the floor with a bottle of Windex on the floor beside it. And Mrs. McLemore's testimony that she slipped in the substance and was injured is uncontradicted

A bottle of window cleaner on the floor with a spill beside it, without more, does not establish the essential element of breach of duty by the premises owner, as it is just as likely that a customer caused the condition as the store owner. Bottles overturned on a nearby shelf are likewise as easily attributable to customers as to store employees. Plaintiff has presented no evidence which indicates that Fred's created the spill, or that Fred's had either actual or constructive notice of the spill and failed to remedy it or to warn her of its existence. The absence of proof on this essential element of Plaintiff's claim renders all other issues of contested fact immaterial, hence there is no genuine issue of material fact for jury resolution in this case. It is therefore,

**ORDERED AND ADJUDGED** that [26] the motion for summary judgment filed by Fred's Store of Tennessee, Inc., is **GRANTED**. Plaintiff's claims against the Defendant are **DISMISSED**.

SO ORDERED AND ADJUDGED, this the 8th day of August, 2006.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE